UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PAUL W. ROTH III AND SUSAN C. ROTH, Plaintiff, | ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION<br><br>Case No. 1:15-cv-4779<br><br>JURY TRIAL DEMANDED |
| v. | | |
| PNC BANK, N.A., | | |
| Defendants. | | |

**JOINT INITIAL STATUS REPORT**

Pursuant to Fed. R. Civ. P. 26(f) and this Court's standing order, the parties submit the following Joint Initial Status Report.

**I.     The Nature of the Case**

   A.  Attorneys of Record

       1. Plaintiffs Paul W. Roth III and Susan C. Roth ("Roth")

          Sulaiman Law Group, Ltd.
          Mohammed O. Badwan  (lead attorney)
          Mara A. Baltabols

       2. PNC Bank, N.A. ("PNC")

          Clark Hill
          Jonathan M. Boulahanis  (lead attorney)

   B.  Jurisdiction

       1. Federal Statutes

       Roth has filed a federal claim under RESPA, 12 U.S.C. § 2601 et seq., to support subject matter jurisdiction under 12 U.S.C. § 2614 and 28 U.S.C. §§ 1331 & 1337. The Court has supplemental jurisdiction over state law claims under 28 U.S.C. § 1367.

       2. Diversity Jurisdiction

       Plaintiff alleges that diversity jurisdiction is conferred upon this Court by 28 U.S.C. § 1332, as the matter in controversy exceeds $75,000.00 and is between citizens of different states. Defendant disputes both the diversity of citizenship and amount in controversy are satisfied to confer such jurisdiction.

1

C. <u>Nature of Claims</u>

Roth asserts claims for Breach of Contract, violations of the Illinois Consumer Fraud Act ("ICFA"), and violations of the Real Estate Settlement Procedures Act ("RESPA"). Roth's claims are based on the alleged wrongful servicing of his mortgage loan, alleged misrepresentations regarding the principal amount due on the mortgage loan, alleged misrepresentations regarding a modification of the contract, an alleged breach of a modification of contract, and an alleged failure to adequately respond to Roth's oral and written disputes regarding servicing.

D. <u>Relief Sought by Plaintiff</u>

Roth is seeking (a) a finding that PNC materially breached the mortgage contract, (b) statutory, actual, and punitive damages, (c) a declaration that the practices complained of in the complaint are unlawful and violate the statutes and regulations that are the subject of their claims, (d) costs, and (e) attorney's fees.

II. **Pending Motions and Case Plan**

A. <u>Pending Motions</u>

None at this time. Defendant will file a motion to dismiss the Complaint prior to the initial status hearing.

B. <u>Discovery Plan</u>

i. The type of discovery needed includes interrogatories, production of documents, requests for admission, fact witness depositions, third party discovery and possibly expert discovery. Defendant does not believe that expert testimony is appropriate or necessary in this case.

ii. Defendant will request that all discovery be stayed during the briefing and ruling on the motion to dismiss. "A stay of discovery pending resolution of a motion to dismiss avoids unnecessary discovery in the event the motion is granted. *STOKES v. CITY OF CHICAGO*, 1986 U.S. Dist. LEXIS 18720, \*3, 1986 WL 12311 (N.D. Ill. Oct. 22, 1986); *See*, *e.g.*, *Chicago Board Options Exchange v. Connecticut General Life Insurance Company*, 95 F.R.D. 524 (N.D. Ill. 1982).

iii. If discovery is not stayed during the pendency of the motion to dismiss, the parties agree to the following schedule.

iv. 26(a)(1) disclosures –8/31/15

v. Issue written discovery by – 10/31/15

vi. Fact discovery completion date – 4/1/16

vii. Expert discovery:

Plaintiff's expert reports – 6/1/16

    Deposition of Plaintiff's experts – 7/15/16

    Defendants' rebuttal reports – 8/15/16

    Deposition of Defendants' experts – 9/15/16

viii.   Dispositive motion cutoff – 10/15/16

    If expert discovery is taken – 10/15/16

If expert discovery is waived – 6/1/16C. <u>ESI</u>

Roth anticipates that ESI discovery may be necessary depending on whether or not PNC tenders discoverable information contained electronically in LPS Desktop, Fiserv, and Nautilus, or any equivalent software. Defendants do not believe that ESI discovery is appropriate for this case.

D. <u>Trial</u>

1. Jury trial has been requested.

2. Estimated two (2) to four (4) day trial.

**III.**   **Consent to Proceed Before a Magistrate.**

The parties have not unanimously consented to proceed before a magistrate.

**IV.**   **Status of Settlement Discussions**

A. The parties have engaged in settlement discussions and exchanged settlement offers.

B. No settlement agreements have been reached.

C. The parties do not request a settlement conference at this time.

Dated: July 30, 2015

| **Paul and Susan Roth** | **PNC Bank, N.A.** |
|---|---|
| By: /s/ *Mara A. Baltabols* | By: /s/ *Jonathan M. Boulahanis* |
| Mara A. Baltabols | Jonathan M. Boulahanis |
| Mohammed O. Badwan | (jboulahanis@clarkhill.com) |
| Daniel J. McGarry | ARDC No. 6299147 |
| SULAIMAN LAW GROUP, LTD. | CLARK HILL PLC |
| 900 Jorie Boulevard, Suite 150 | 150 North Michigan Ave., Ste. 2700 |
| Oak Brook, IL 60523 | Chicago, IL 60601 |
| (630) 575-8181 | Telephone No.: (312) 985-5900 |
| *Attorneys for Roth* | |